UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gabriel Hirmiz,

           Plaintiff,                        Case No. 14-cv-10766
                                                Hon. Denise Page Hood

v.

GMAC Insurance Co.,

           Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
## (Docket No. 5)

**I.    INTRODUCTION**

      This action is before the Court on Defendant GMAC Insurance

Company's motion to dismiss under Federal Rules of Civil Procedure

12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal

jurisdiction, and in the alternative 12(b)(5) for insufficient process. Due to

the substance of the arguments raised in Defendant's motion and Plaintiff's

response, the Court construes Defendant's motion as a motion for

summary judgment; **IT IS GRANTED**.

**II.    BACKGROUND**

      On April 5, 2011, Plaintiff Gabriel Hirmiz ("Hirmiz") was involved in a

debilitating car accident with an uninsured motorist. As a result of the

accident, Hirmiz sought to enforce an insurance policy allegedly issued by

named Defendant, GMAC Insurance Company ("GMAC"). GMAC failed to

pay the insurance benefits. Hirmiz filed suit to enforce the alleged policy.

In response to GMAC's complaint, MIC General Insurance Company

("MIC")  filed a motion to dismiss claiming that it is the proper Defendant in

this matter, not GMAC. MIC says the Court should dismiss Hirmiz's suit

against GMAC for three reasons: (1) the Court lacks subject matter

jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because GMAC

is not an entity capable of being sued. Instead, the proper Defendant in this

case is MIC since it issued an insurance policy to Hirmiz that was active

during the time of his accident; (2) the Court lacks personal jurisdiction over

GMAC under Rule 12(b)(2) because GMAC is not an entity; and (3) If the

Court agrees that GMAC is not an entity, and MIC is the proper Defendant,

the Court should still dismiss Hirmiz's case under Rule 12(b)(5) because he

failed to properly serve MIC.

Hirmiz disagrees. He says GMAC was the entity that issued the

contested insurance policy, and GMAC is the proper Defendant in this

case. As proof, Hirmiz points to a copy of the insurance policy which lists

GMAC's name, but identifies MIC as the underwriter. Hirmiz admits that GMAC is now allegedly known as National General Insurance ("National"), and says if anything, he would agree to substitute National as the Defendant in place of GMAC because National stated in a news article that it would uphold insurance policies issued by GMAC. **[Docket No. 10-4, filed March 31, 2014]**.

## III.   ANALYSIS

Defendant's claim to have filed a Motion to Dismiss under Rules 12(b)(1), 12(b)(2) and 12(b)(5). After analyzing the arguments raised in Defendant's motion and Plaintiff's response, it is readily apparent that the parties contest whether GMAC is, or was, an entity capable of being sued. This argument substantively concerns an entity's capacity to be sued under Rule 17 of the Federal Rules of Civil Procedure. Whether GMAC is capable of being sued is pivotal to this motion because Hirmiz cannot sue a non-entity. Consequently, the Court should consider Defendant's Motion as a motion to dismiss under Rule 12(b)(6). However, to decide this motion the Court examined the evidentiary attachments the parties submitted with their briefs. Therefore, the Court will construe Defendant's Motion to Dismiss as one for Summary Judgment. Accordingly, the Court will

examine this motion under Rule 56.  See, *Cronin v. Bechtel Power Corp.*,

499 F. Supp. 16, 18 (M.D. Pa. 1979) noting ([due to] the substance of

Defendant's motion. . . "we will consider the motion a Motion to Dismiss . . .

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both

parties have introduced affidavits in support of their positions. . . Therefore,

under Rule 12, Defendant's Motion will be considered a Motion for

Summary Judgment.").

### A.    Summary Judgment Standard of Review

A Court should grant summary judgment if "the movant shows that

there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  A fact is material if it

could affect the outcome of the case based on the governing substantive

law.  *Id.* at 248.  A dispute about a material fact is genuine if on review of

the evidence, a reasonable jury could find in favor of the nonmoving party.

*Id.*

The moving party bears the initial burden to demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986).  If the movant meets this burden, the nonmoving party must

4

"go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.  The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  See, *Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party.  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B.    It Is Unclear Whether GMAC Is an Entity Capable of Being Sued Under Rule 17 of the FRCP.**

MIC says Hirmiz cannot sue GMAC because it was never an entity capable of being sued. The capacity of a corporation to sue and be sued is determined by the law under which it was organized. Fed. R. Civ. P. 17(b)(2). Hirmiz says GMAC was incorporated in the state of Delaware. He also says National, once GMAC, was incorporated in Delaware.

It is unclear whether GMAC was ever an entity organized under the laws of Delaware. All evidence presented by Hirmiz is inconclusive. Hirmiz failed to provide any direct evidence regarding GMAC's state of organization or its history. Instead, Hirmiz argues that the Court can look to the corporate history of GMAC's alleged successor National as proof of GMAC's existence. Unfortunately, National's corporate history does not answer the pertinent question of where GMAC was organized.

For instance, to prove that GMAC was incorporated in Delaware, Hirmiz provided the Articles of Incorporation of National, but National's Articles of Incorporation make no mention of any entity by the name of GMAC, rendering this evidence inconclusive as to GMAC's state of organization.

6

In addition, as proof of Hirmiz's existence and its relation to National, Hirmiz provided a print out from the Michigan Department of Insurance and Financial Services web page listing the search results of insurance agencies containing the name "GMAC." The web page shows National's name, and alludes to the fact that National may have been associated with a company using the name GMAC, but the web page fails to identify whether GMAC was organized under the laws of Delaware, as National is, or organized under the law of any other state, and therefore, capable of being sued.

The insurance policy is likewise inconclusive in determining whether GMAC is capable of being sued. The insurance policy says "GMAC Insurance" and lists a mailing address in St. Louis, Missouri at the top of its letterhead, but the policy fails to identify GMAC's state of organization.

There is evidence that suggests GMAC is not an entity capable of being sued, and is therefore the improper defendant. To show that GMAC is not entity, MIC presented an affidavit from Sharon Dowell, an employee of National, explaining there was never an entity named GMAC associated with National that issued insurance policies. **[Docket No. 5–2, filed March 17, 2014]**.

7

In addition, MIC presented a stipulated order from a state case between the same parties and regarding the same insurance policy stating that Hirmiz and GMAC "hereby agree to dismiss GMAC Insurance Company Online, Inc., to reflect the proper party Defendant MIC General Insurance Corporation." **[Docket No. 5-4, filed March 17, 2014]**. And, finally, MIC presented the insurance policy which contains GMAC's name, but identifies MIC as the policy underwriter.

Although, Dowell's affidavit, the stipulated order, and the insurance policy, are silent in regard to GMAC's state of organization, they do collectively suggest that GMAC is not the proper entity that should be sued, but rather MIC.

Construing all evidence in Plaintiff's favor, the Court cannot determine whether GMAC was organized under the laws of Delaware, or any other state. Accordingly, the Court cannot determine if GMAC is capable of being sued, or if GMAC is the proper Defendant in this case.

IV.   **CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss (construed as a Motion for Summary Judgement) is **GRANTED [Docket No. 5, filed March 17, 2014]**. The Court

8

does not make any ruling regarding any potential claim Plaintiff may have

against MIC.


                              S/Denise Page Hood_____
                              Denise Page Hood
                              United States District Judge

Dated:  September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of
record on September 29, 2015, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry_____
                              Case Manager